UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :

UNITED STATES OF AMERICA                **SENTENCING**
                                                            :         **SUBMISSION**

       - v. -
                                                            :

DENNIS LERNER,                                  12 Cr. 952 (JFK)
                                                            :
        Defendant.
                                                            :
- - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - x


## SENTENCING SUBMISSION OF
## THE UNITED STATES OF AMERICA


                                                     PREET BHARARA
                                                     *United States Attorney for the*
                                                     *Southern District of New York*
                                                     *Attorney for the United States*
                                                     *of America*

RANDALL W. JACKSON
Assistant United States Attorney,
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

UNITED STATES OF AMERICA                  **SENTENCING**
                                              :                **SUBMISSION**
        - v. -
                                                :

DENNIS LERNER,                                     12 Cr. 952 (JFK)
                                              :
                Defendant.
                                              :
- - - - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - x

        The Government respectfully submits this memorandum in advance of the sentencing of defendant Dennis Lerner, scheduled for July 16, 2013. On June 11, 2013, the United States Probation Department released a Presentence Investigation Report (the "PSR") for Lerner. With regard to the appropriate calculation of his offense level, Lerner does not challenge the PSR's findings. For the reasons described in detail below, the Court should impose a sentence within the Guidelines range calculated in the PSR.

## BACKGROUND

        From June 21, 2010 until August 31, 2011, Defendant Dennis Lerner worked at the Internal Revenue Service ("IRS") as an International Examiner. (PSR ¶ 9).[1] In the months preceding Lerner's resignation from the IRS in August 2011, Lerner was responsible for managing an audit and potential settlement of tax fraud allegations between the IRS and Commerzbank, an international bank based in Germany. (PSR ¶ 9). While the audit was ongoing in the summer of 2011, Lerner began negotiating potential employment with Commerzbank. (PSR ¶ 9). During this time period, Lerner participated in several interviews at the bank for the position of Tax Director. (PSR ¶¶ 14-16, 18). Near the end of the summer of 2011, after extensive negotiation between the IRS and Commerzbank, the IRS and the bank agreed tentatively to settle the audit for approximately $210 million. (PSR ¶ 17). Lerner was one of the IRS officials primarily responsible for orchestrating the settlement. (PSR ¶ 17). Shortly after the settlement was reached, Lerner resigned from his position at the IRS. (PSR ¶ 9, 17). Immediately after resigning, Lerner began working at Commerzbank as Tax Director. (PSR ¶ 9, 17). After Lerner began working Tax Director at Commerzbank, he continued to communicate with IRS employees involved in the Commerzbank audit. (PSR ¶¶ 22-29). In addition, during Lerner's tenure as an International Examiner, on two occasions Lerner disclosed confidential audit information to an individual who was not an employee of the IRS. (PSR ¶¶ 33, 34).

---

[1] "PSR" refers to the June 11, 2013 Presentence Investigation Report.

## PROCEDURAL HISTORY

On September 27, 2012, Lerner was arrested pursuant to the charges in Complaint 12 MAG 2520. On December 18, 2012, Lerner waived indictment and the Government filed Information 12 CR 952 (JFK) ("the Information"), which charged Lerner in four counts. On March 11, 2013, Lerner entered a guilty plea, pursuant to an agreement with the Government, to Counts Two and Three of the Information. Count Two charged the defendant with participating personally, substantially and willfully as an employee of the Internal Revenue Service ("IRS") in settlement negotiations with a company while actively seeking employment with that company, in violation of 18 U.S.C. § 208. (PSR ¶ 3). Count Three charged the defendant with improperly disclosing information regarding audits being conducted by the IRS to an individual who was not an IRS employee, in violation of 26 U.S.C. § 7213. (PSR ¶ 4). The Court ultimately scheduled Lerner's sentencing for July 16, 2013.

## GUIDELINES CALCULATION

U.S.S.G § 2C1.3 is the guideline applicable to the conduct charged in Count 2. Pursuant to 2C1.3(a), the offense level for Count 2 is 6. (PSR ¶ 7(a)). U.S.S.G § 2H3.1 is the guideline applicable to the conduct charged in Count 3. Pursuant to 2H3.1(a)(1), the offense level for Count 3 is 9. (PSR ¶ 7(b)). Pursuant to 3D1.4(a), because the two counts are not grouped, each count constitutes one unit, resulting in a total of two units. The combined offense level for both counts is therefore 11, pursuant to 3D1.4. (PSR ¶ 7(c)). Based on his plea allocution, the defendant has demonstrated acceptance of responsibility, warranting a two-level reduction in his offense level, pursuant to 3E1.1(a). (PSR ¶ 59). The total offense level is therefore 9. (PSR ¶ 7(e)).

The defendant's Criminal History Category is I. (PSR ¶ 7(f)). The applicable Guidelines range is therefore 4 to 10 months of imprisonment. (PSR ¶ 7(g)). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to 5E1.2. At Guidelines level 9, the applicable fine range is $1,000 to $10,000. (PSR ¶ 7(g)).

## APPLICABLE LAW

The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines

range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 128 S. Ct. at 597.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall* v. *United States*, 128 S. Ct. at 597 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 128 S. Ct. at 594. *See also Rita* v. *United States*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall* v. *United States*, 126 S. Ct. at 597.

## DISCUSSION

There is no dispute between the parties regarding the application of the Guidelines. The Government, however, believes that consideration of the factors described in 18 U.S.C. § 3553(a) militates in favor of a Guidelines sentence for Lerner. In particular, the need for general deterrence and the need for the sentence to reflect the seriousness of the offense are implicated in this case. Lerner was entrusted with great responsibility as an employee of the IRS, and he betrayed that trust in a somewhat brazen manner. Lerner's actions had the effect of undermining the integrity of a significant audit, and also threatened to undermine the public's trust in the IRS. Such behavior must be deterred in order to maintain the integrity of the tax system and protect the public from financial harm. A sentence within the Guidelines range would reflect the seriousness of Lerner's offense and deter other similarly-situated public servants from engaging in similar behavior.

## CONCLUSION

For the foregoing reasons, the Government submits that a sentence within the Guidelines range calculated in the PSR would be sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:             /s/                           .
Randall W. Jackson
Assistant United States Attorney
212-637-1029